DO NOT PUBLISH

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT
10-805


SCOTT THOMPSON

VERSUS

SUSAN MOLINARI

**********
APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 72107
HONORABLE EDWARD M. LEONARD, DISTRICT JUDGE

**********

**J. DAVID PAINTER**
**JUDGE**

**********
Court composed of Oswald A. Decuir, Marc T. Amy, and J. David Painter, Judges.

**AFFIRMED.**


Scott Thompson
Reg. No. 13223-035, Unit A
FCC, USP-1
P.O. Box 1033
Coleman, FL 33521-1033
        Pro Se

Richard C. Mere
321 W. Main St., Ste. 1-A
P.O. Box 3301
Lafayette, LA  70502-3301
Counsel for Defendant/Appellee:
        Susan Molinari

**PAINTER, Judge**.

Plaintiff, Scott Thompson, appeals the trial court's denial of his suit to annul a donation of real property to Defendant, Susan Molinari. Finding that Thompson failed to carry his burden of proof, we affirm.

## FACTS

In December 2004, Plaintiff was incarcerated in the Iberville Parish jail. He contacted attorney Michael Pourrier and asked that Pourrier prepare a donation of a piece of Thompson's property to Susan Molinari, Thompson's girlfriend, so that she could use it to secure a property bond to allow him to get out of jail. Molinari took the document to Thompson in jail, where it was signed by the parties and notarized on December 30, 2004. On March 28, 2005, the property was subdivided, and Molinari sold half to a neighbor in order to pay the mortgage and save the property from seizure and sale. In April 2005, Molinari bought a trailer with the remaining proceeds of the sale. Title to the trailer was in the names of both Molinari and Thompson. In June and/or July 2005, Thompson was again arrested and spent some time in jail. After his release, he was again arrested for a battery on Molinari. It was at this point that she began refusing to use the property to bond him out of jail. He was released but was arrested again and remained in jail at the time of trial. On June 4, 2007, Thompson filed suit against Molinari for recision of the donation.

After a trial on the merits, the trial court dismissed Thompson's claims. He appeals.

## DISCUSSION

Thompson first asserts that he lacked the requisite donative intent to complete a donation to Molinari.

1

The jurisprudence describes donative intent as a question of fact:

> Donative intent is a factual issue subject to the manifest error standard of review. *See Montet v. Lyles*, 93-1724, p. 4 (La.App. 1st Cir.6/24/94), 638 So.2d 727, 730, *writ denied*, 94-1985 (La.11/18/94), 646 So.2d 377; *Rose v. Johnson*, 06-518, p. 4 (La.App. 3d Cir.9/27/06), 940 So.2d 181, 184, *writ denied,* 06-2528 La.12/15/06), 944 So.2d 1273. Thus, a trial court's finding on this issue cannot be reversed unless an appellate court, after review of the entire record, finds both that no reasonable factual basis exists for the finding and that it is manifestly erroneous or clearly wrong. *See Stobart v. State, Through Department of Transportation and Development*, 617 So.2d 880, 882 (La.1993). Moreover, in applying this standard, a trial court's credibility determinations are entitled to great deference. *See Hebert v. Rapides Parish Police Jury*, 06-2001, p. 3 (La.1/16/08), 974 So.2d 635, 654 (on rehearing).

*In re Succession of Wagner*, 08-212, pp. 8-9 (La.App. 1 Cir. 8/8/08), 993 So.2d 709, 717, writ denied, 600 So.2d 677 (La. 1992).

Thompson had the burden of proving lack of donative intent by strong and convincing evidence.  *See Succession of Serio*, 597 So.2d 91 (La.App. 4 Cir. 1992).  Thompson testified that he did not intend to give the property to Molinari "irrevocably," as required by La.Civ.Code art. 1468.  Pourrier testified only that Thompson called him from jail and asked him to prepare the donation.  He did not recall any discussion of the property being returned to Thompson at a future date.  There is no evidence of record supporting Thompson's allegation that he did not intend to donate to Molinari permanently.  He was aware that she was selling part of the property and cooperated in using the proceeds of that sale to purchase a trailer, title to which was in his name as well as that of Molinari.  We agree with the trial court that the evidence indicates that:  "Had they not broken up, and had the defendant not refused to continue bonding him out of jail, there would presumably be no dispute over the property," and that:

2

THOMPSON has not produced proof that the donation was executed under fraud and duress. It was THOMPSON's idea to donate the property to MOLINARI. MOLINARI did not exert any fraud or undue influence on THOMPSON to pressure him into making the donation. After the donation, THOMPSON acquiesced in the validity of the donation by promoting the sale of a portion of the property by MOLINARI to the Crappells.

Therefore, we find that Thompson failed to show by strong and convincing evidence that he lacked donative intent when he executed the act of donation to Molinari.

Thompson also asserts that the donation violates the prohibition contained in La.Civ.Code art. 1498 against donating all of one's property without reserving enough for subsistence. However, his testimony at trial indicates that, at the time of the donation, he owned other property. The record does not contain sufficient evidence with regard to the amount and type of property he owned at the time of the donation to conclude that the donation violates the proscription of La.Civ.Code art. 1498. Further, as the trial court noted, Thompson testified that he owned valuable tools and a half interest in the mobile home located on the property.

Thompson additionally asserts that the donation was a conspiracy to manipulate the bonding procedure and to circumvent La.Code Crim.P. art. 318; that it was in fraud of the bankruptcy court in that he had a pending bankruptcy proceeding at the time of the donation; that it was in fraud of the rights of the mortgage holder and the sheriff's office because the property was subject to a writ of seizure due to mortgage foreclosure; and that it was in fraud of his minor child's right of forced heirship. These issues were not before the trial court and were not ruled on by the trial court. Therefore, they are not properly before this court. Even if these

3

matters were before us on appeal, it does not appear that Thompson is the proper party to bring these complaints.

Accordingly, we find no error in the judgment of the trial court.

## CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal are assessed to Plaintiff/Appellant, Scott Thompson.

**AFFIRMED.**